## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| PREPARED FOOD PHOTOS, INC. f/k/a ADLIFE MARKETING & COMMUNICATIONS CO., INC. | Case No. 2:24-cv-13313 Hon. Laurie J. Michelson Magistrate: David R. Grand |
| Plaintiff, | |
| v. | |
| BUSCH'S, INC. d/b/a BUSCH'S FRESH FOOD MARKET, | |
| Defendant. | |

### DEFENDANT BUSCH'S, INC. d/b/a BUSCH'S FRESH FOOD MARKET'S ANSWER TO PLAINTIFF'S COMPLAINT AND NOTICE OF SPECIAL AND/OR AFFIRMATIVE DEFENSES

Defendant BUSCH'S, INC. d/b/a BUSCH'S FRESH FOOD MARKET ("Busch's" and/or "Defendant"), by and through its attorneys, GARAN LUCOW MILLER, P.C., and for its Answer to Plaintiff's Complaint, states as follows:

### THE PARTIES

1. In answering paragraph 1, denies the allegations contained therein as it is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations and leaves Plaintiff to its strict proofs.

2. In answering paragraph 2, Defendant admits only that it is a corporation organized under the laws of the State of Michigan with its principal place of business

1

located at 2240 S. Main St., Ann Arbor, MI 48103. Defendant denies the balance of the allegations set forth therein in the manner and form alleged therein.

## JURISDICTION AND VENUE

3. In answering paragraph 3, Defendant states that paragraph 3 contains a purported legal conclusion to which no response is required. To the extent the allegations do pertain to this Defendant, Defendant denies the allegations contained therein in the manner and form alleged therein.

4. In answering paragraph 4, Defendant admits only that based on the allegations set forth in Plaintiff's complaint, this court would have federal subject matter jurisdiction. Defendant denies the balance of the allegations contained therein in the manner and form stated.

5. In answering paragraph 5, Defendant states that to the extent there is an assertion that venue is proper based on the allegations, Defendant admits same. However, Defendant denies the allegations contained therein as it is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations and leaves Plaintiff to its strict proofs.

## FACTS

**I.    Plaintiff's Business and History**

6. In answering paragraph 6, Defendant denies the allegations contained therein as it is without sufficient knowledge or information necessary to form a belief

as to the truth of the allegations and leaves Plaintiff to its strict proofs.

      7.     In answering paragraph 7, Defendant denies the allegations contained therein as it is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations and leaves Plaintiff to its strict proofs.

      8.     In answering paragraph 8, Defendant denies the allegations contained therein as it is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations and leaves Plaintiff to its strict proofs.

      9.     In answering paragraph 9, Defendant denies the allegations contained therein as it is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations and leaves Plaintiff to its strict proofs.

      10.    In answering paragraph 10, Defendant denies the allegations contained therein as it is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations and leaves Plaintiff to its strict proofs. Defendant affirmatively states that this paragraph has not been plead in conformance with Fed.R.Civ.P. 10(b).

## THE WORKS AT ISSUE IN THIS LAWSUIT

**II.**     **The Works at Issue in this Lawsuit**

*The First Photograph*

      11.    In answering paragraph 11, Defendant denies the allegations contained therein as it is without sufficient knowledge or information necessary to form a belief

as to the truth of the allegations and leaves Plaintiff to its strict proofs.

12. In answering paragraph 12, Defendant denies the allegations contained therein as it is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations and leaves Plaintiff to its strict proofs.

*The Second Photograph*

13. In answering paragraph 13, Defendant denies the allegations contained therein as it is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations and leaves Plaintiff to its strict proofs.

14. In answering paragraph 14, Defendant denies the allegations contained therein as it is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations and leaves Plaintiff to its strict proofs.

15. In answering paragraph 15, Defendant admits only that Plaintiff refers to the first photograph and second photograph collectively as "the Work".

16. In answering paragraph 16, Defendant denies the allegations contained therein as it is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations and leaves Plaintiff to its strict proofs.

**Defendant's Unlawful Activities**

17. In answering paragraph 17, Defendant denies the allegations contained therein in the manner and form alleged therein.

18. In answering paragraph 18, Defendant denies the allegations contained therein in the manner and form alleged therein.

19. In answering paragraph 19, Defendant denies the allegations contained therein in the manner and form alleged therein.

20. In answering paragraph 20, Defendant denies the allegations contained therein as it is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations and leaves Plaintiff to its strict proofs. Defendant further states that Exhibit C is the best evidence of what it represents.

21. In answering paragraph 21, Defendant denies the allegations contained therein in the manner and form that Plaintiff's claim that Defendant may not have obtained "a" license" to utilize images as displayed by Defendant. Further answering, upon information and belief Defendant has never contracted directly with Plaintiff for a mandatory year long subscription at a rate of $999 per month.

22. In answering paragraph 22, Defendant denies the allegations contained therein in the manner and form alleged therein. Further responding, Defendant rejects Plaintiff's supposition that any image utilized by Defendant constituted a "Work" owned by Plaintiff.

23. In answering paragraph 23, Defendant denies the allegations contained therein as being untrue.

24. In answering paragraph 24, Defendant denies the allegations contained therein in the manner and form alleged therein.

25. In answering paragraph 25, Defendant denies the allegations contained therein in the manner and form alleged therein.

## COUNT I – COPYRIGHT INFRINGEMENT

26. Defendant re-alleges and incorporates by reference its answers set forth in paragraphs 1-25 above as though fully set forth herein.

27. In answering paragraph 27, Defendant denies the allegations contained therein as it is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations and leaves Plaintiff to its strict proofs.

28. In answering paragraph 28, Defendant denies the allegations contained therein as it is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations and leaves Plaintiff to its strict proofs.

29. In answering paragraph 29, Defendant denies the allegations contained therein in the manner and from alleged therein.

30. In answering paragraph 30, Defendant denies the allegations contained therein as being untrue.

31. In answering paragraph 31, Defendant denies the allegations contained therein as being untrue. Upon information and belief the Work in dispute were

published years before receiving a copyright registration and therefore any alleged use of the images are not subject to statutory damages.

32. In answering paragraph 32, Defendant denies the allegations contained therein as being untrue. Upon information and belief the Work in dispute were published years before receiving a copyright registration and therefore any alleged use of the images are not subject to statutory damages. Defendant affirmatively states that this paragraph has not been plead in conformance with Fed.R.Civ.P. 10(b).

33. In answering paragraph 33, Defendant denies the allegations contained therein as being untrue.

34. In answering paragraph 34, Defendant denies the allegations contained therein as being untrue. Upon information and belief the Work in dispute were published years before receiving a copyright registration and therefore any alleged use of the images are not subject to statutory damages.

35. In answering paragraph 35, Defendant denies the allegations contained therein as being untrue. Upon information and belief the Work in dispute were published years before receiving a copyright registration and therefore any alleged use of the images are not subject to statutory damages.

36. In answering paragraph 36, Defendant denies the allegations contained therein as being untrue.

37. In answering paragraph 37, Defendant denies the allegations contained therein as being untrue.

WHEREFORE, Defendant prays that this Honorable Court enters a judgment of no cause for action in favor of Defendant and allow them all reasonable court costs and attorney fees incurred in defense of Plaintiff's Complaint.

## SPECIAL AND/OR AFFIRMATIVE DEFENSES

Defendant, BUSCH'S, INC. d/b/a BUSCH'S FRESH FOOD MARKET, and for its Notice of Special and/or Affirmative Defenses, states as follows:

1. Plaintiff has failed to state a claim upon which relief can or should be granted.

2. Plaintiff's claims are barred to the extent there exists a valid and controlling license.

3. Plaintiff's claims are barred by laches and/or the applicable statute of limitations.

4. Plaintiff's claims are barred by estoppel and/or judicial estoppel.

5. Plaintiff's works at issue are not original and/or lack sufficient creativity to be considered original.

6. One or more of the works at issue are/were in the public domain before Defendant's alleged misuse.

7. Defendant is or may be entitled to the de minimus defense.

8. Defendant asserts the fair use defense pursuant to 17 USC §107.

9. The alleged conduct on the part of Defendant was nonvolitional.

10. Defendant at no time either knowingly or negligently infringed on any copyrights held by Plaintiff.

11. Defendant at no time either knowingly or negligently violated the Digital Millennium Copyright Act ("DMCA") with respect to any of Plaintiff's claimed works.

12. Plaintiff's claims of statutory damages and attorney fees are not available if the works were filed with a copyright office more than three months after the first publication of the work and its claimed use.

13. Plaintiff lacks standing to bring the claims alleged.

14. Plaintiff has waived his claims.

15. Plaintiff comes to this Court with unclean hands.

16. Plaintiff's claims are barred to the extent Plaintiff engaged in fraud on the Copyright Office by intentionally making false representations in its application for registration for the subject works at issue and its misrepresentations were material such that in their absence registration would not have been issued.

17. The purported work has been published by others without any designation that they are subject to copyright protection and, therefore, Plaintiff cannot establish the claimed damages.

18.   Plaintiff's claims are barred as a result of misuse of the copyright by Plaintiff.

19.   Plaintiff's claims and/or damages are limited, if liability were found, because of Defendant's innocent infringement.

20.   That intervening or superseding acts of others were the cause of the occurrence, injuries and/or damages alleged herein.

21.   The claimed infringement was not in the context of commercial use, but rather the "image" was part of a blog posting, and thus no damages are available.

22.   If Plaintiff sustained economic injury, same was caused, in whole or in part, by the acts or omissions or another or others, whose conduct Defendant had no reason to anticipate and for whose conduct for which Defendant was and is not responsible to.

23.   While Defendant denies infringing any copyright properly held by Tomelleri, to the extent such a claim is asserted, Plaintiff is limited to a single statutory award per copyright alleged to have been infringed regardless of the number of infringements said to have occurred for any one copyright. See 17 U.S.C. §504(c)(1).   See also *Bryant v. Media Rights Prods.,* 603 F.3d 135 (2nd Cir. 2010).

24.   Plaintiff's claims are barred pursuant to the Scène à faire Doctrine and/or the Merger Doctrine.

25. Upon information and belief the works in dispute were published years before ever seeing a copyright registration such that any alleged use of the images are not subject to statutory damages.

26. Defendant reserves the right to add or amend affirmative defenses following further investigation and discovery.

## DEMAND FOR REPLY TO AFFIRMATIVE DEFENSES

Defendant BUSCH'S, INC. d/b/a BUSCH'S FRESH FOOD MARKET hereby demands a reply to its affirmative defenses.

GARAN LUCOW MILLER, P.C.

/s/Timothy J. Jordan
TIMOTHY J. JORDAN (P46098)
Attorneys for Defendant
1155 Brewery Park Blvd., Ste. 200

Dated:   February 17, 2025         Detroit, MI   48207-2641
#7018536                            (313) 446-5531
                                    tjordan@garanlucow.com

**PROOF OF SERVICE**

    I hereby certify that on **February 17, 2025,** my assistant, Laura A. Powell, electronically filed the foregoing document with the United States District Court, Eastern District of Michigan, Southern Division using the ECF System which will send notification to all counsel of record.

        GARAN LUCOW MILLER, P.C.

        /s/Timothy J. Jordan
        TIMOTHY J. JORDAN (P46098)
        Attorneys for Defendant
        1155 Brewery Park Blvd., Ste. 200
        Detroit, MI   48207
        (313) 446-5531
        tjordan@garanlucow.com/P46098